UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-103-MOC-DCK

| | | |
|---|---|---|
| **CHRISTOPHER MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter (Doc. No. 8). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff filed an objection within the time allowed, Defendant filed a reply, and Plaintiff filed a surreply. (Doc. Nos. 10, 11).

**I. Background**

In November 2021, Plaintiff filed an application for supplemental security income benefits, alleging disability beginning on June 10, 2020. Plaintiff later amended his claim, alleging an inability to work due to a disabling condition beginning on or about November 17, 2021. On December 21, 2023, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision.

On appeal to this Court, Plaintiff alleged the ALJ's decision included the following errors: (1) the ALJ discounted Plaintiff's treating physician's opinions without providing legally sufficient reasoning, in violation of SSR 96-8p; (2) the ALJ did not account for Plaintiff's limitations with concentration, persistence, or maintaining pace in his RFC assessment; (3) the

ALJ's step 5 finding that significant jobs exist in the national economy which Plaintiff can perform is not supported by substantial evidence; and (4) the ALJ failed to explain why the RFC finding from Plaintiff's prior application was absent from the ALJ's RFC assessment here. (Document No. 5).

In a Memorandum and Recommendation dated September 2, 2026, the Honorable U.S. Magistrate Judge David C. Keesler recommended that the Commissioner's decision be affirmed. Plaintiff filed an objection to the magistrate's recommendation.

## II. Standard of Review

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## III. Discussion

In Plaintiff's objection to the magistrate judge's recommendation, Plaintiff raises the same assignments of error that he raised before the magistrate judge. The magistrate judge

rejected these assignments of error, finding that substantial evidence supported the ALJ's findings. The Court has carefully considered Plaintiff's arguments as well as the thorough analysis provided by the magistrate judge in rejecting Plaintiff's assignments of error. The Court finds that the magistrate judge correctly affirmed the ALJ's decision, which was supported by substantial evidence. The Court further determines that the recommendation of the magistrate judge is fully consistent with and supported by current law.

## IV. Conclusion

After careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Based on such determinations, the Court will fully affirm the M&R.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Objection (Doc. No. 9) is **OVERRULED**, and the Memorandum and Recommendation (Doc. No. 8) is **AFFIRMED**. Thus, the Commissioner's decision is affirmed.

The Clerk shall terminate the parties' briefs, which have been filed as motions. (See Doc. Nos. 5, 6).

Signed: October 1, 2026

Max O. Cogburn Jr.
United States District Judge